

MEMO ENDORSED

THE CITY OF NEW YORK

**LAW DEPARTMENT**

JAMES E. JOHNSON
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

Andrew J. Rauchberg
Phone: (212) 356-0891
Fax: (212) 356-2089
arauchbe@law.nyc.gov

January 6, 2020

**BY ECF**

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

| USDC-SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 1/7/20 |

Re: *Hidalgo et al. v. N.Y. City Dep't of Educ.*
19 CV 2590 (RA) (OTW)

Dear Judge Abrams:

I am an Assistant Corporation Counsel in the Office of James E. Johnson,
Corporation Counsel of the City of New York and attorney for the New York City Department of
Education in the case referenced above. I write to respectfully request additional time to submit
a letter to the Court pursuant to the Court's Order dated December 5, 2019.

Pursuant to the Court's Order, if the parties were unable to resolve this matter,
they are due to submit a joint letter by today, January 6, 2020, concerning the Department of
Education's notice obligations in connection with pendency when parents like Plaintiffs here file
a due process complaint and the pendency placement is unclear. I write to respectfully request
additional time to submit this letter (or, possibly, a letter on behalf of the Department of
Education only[1]). Additional time is needed because my former colleague Christopher Ferreira,
the attorney originally assigned to this matter, recently left his employment with the Law
Department. As one of his former supervisors, I have been reviewing his cases and preparing
many for reassignment. Though I am somewhat familiar with this case, I was unaware of the
requirements of the Court's Order, or the deadline set forth therein, prior to today. Further, I do
not currently know the prospects for settlement, and one of my colleagues or I will need time to
research the issue raised by the Court.

---

[1] Consistent with the Court's Order, I proposed requesting additional time to submit a joint letter,
Plaintiffs have indicated that they will submit their own letter to the Court.

Accordingly, I respectfully request that the Court allow the parties, or the Department, to submit a letter on this topic within two weeks, or by January 20, 2020. This is the first such request the Department has made. I apologize for the timing of this request, but as noted above, I only learned of the deadline contained in the Court's Order today. I have communicated with Karl Ashanti, Esq., one of Plaintiffs' attorneys, and he does not consent to this request. As his reasons for refusing to consent, Mr. Ashanti asked me to include the following "in full without alteration": "These are the reasons: 1) The student is entitled to an automatic injunction for pendency. *See Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 200 (2d Cir. 2002) (finding that pendency is a procedural right, concerning which 'access to immediate interim relief is essential for the vindication of this particular IDEA right.'); and 2) the Court issued the order directing the parties to submit the joint letter on December 5, 2019 - more than a month ago. Thus, either Mr. Ferreira or someone else from the Law Department should have reached out about an intended extension request prior to today. DOE knew or should have known of this deadline as part of its reassignment of his cases and should not have taken his departure as an opportunity for further delay. I will also note that Mr. Ferreira failed to inform me of his intended departure in advance" (emphasis supplied by Mr. Ashanti).

I note that while Plaintiffs argue, as a reason for withholding their consent, that the Student is allegedly entitled to "an automatic injunction for pendency," the Court, in its Opinion and Order dated October 29, 2019, disagreed. Indeed, the Court denied Plaintiffs' application for a preliminary injunction because it found that Plaintiffs were not entitled to the pendency funding they seek in this matter. I also note that Plaintiffs have not alleged that the proposed adjournment will prejudice the Student in any way.

Thank you for your consideration of this request.

Respectfully submitted,

s/
Andrew J. Rauchberg
Assistant Corporation Counsel

cc:     Karl Ashanti, Esq.
        Brain Injury Rights Group
        Plaintiffs' Attorneys

Application granted. The Department shall submit its letter no later than January 20, 2020. No further adjournments will be granted absent good cause.

SO ORDERED.

Hon Ronnie Abrams
Jan. 7, 2020