**BRAIN INJURY RIGHTS GROUP, LTD.**
**50 West 97th Street, Suite 1E**
**New York, New York 10025**

May 29, 2020

**VIA ECF**
Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, N.Y.  10007

Re: Hidalgo, et al. v. NYC Department of Education, 19 CV 2590 (RA)

Dear Judge Abrams:

I am counsel for Plaintiffs in the above-referenced action.  On behalf of Plaintiffs, I write to respectfully respond to the Court's order dated May 28, 2020, concerning whether Plaintiffs intend to withdraw their pending motion for reconsideration and, if not, why the Second Circuit's decision in Ventura de Paulino, 19-1662-CV, 2020 WL 2516650, at * 10 (2d Cir. May 18, 2020) does not control in this matter. See ECF No. 55.

As an initial matter, Plaintiffs do not intend to withdraw their pending motion for consideration ("Reconsideration Motion"), filed on or about November 12, 2019. See ECF Nos. 39-40, 43 & 45. The basis for Plaintiffs' decision is the same basis for Plaintiffs to respectfully submit that this Court should decide the Reconsideration Motion without applying the rationale of Ventura de Paulino, which is inapplicable herein.

On May 26, 2020, pursuant to Rule 40(a) and Rule 35(b)(1)(A) and (B) of the Federal Rules of Appellate Procedure, the plaintiffs in two other actions filed petitions for a panel rehearing or rehearing en banc in the tandem cases of Ventura de Paulino and Navarro Carrillo v. N.Y.C. Dep't of Educ., No. 19-1813 (2d Cir.). In this regard, it is the Plaintiffs' position herein that the Second Circuit Panel that heard the tandem cases erred on the facts and the law. Because the issues raised therein are of exceptional importance and will affect multiple pending and future cases in the Second Circuit and this District, involving the pendency rights of parents and their disabled children under the federal Individuals with Disabilities Education Act, 20 U.S.C. §1415(j), said petitions were filed. Accordingly, as petitions for rehearing/rehearing en banc were filed, those cases are essentially stayed pursuant to Fed. R. App. P. Rule 41(b). We will promptly notify this Court upon the Second Circuit's issuance of a determination of the petitions.

As the Ventura de Paulino and Carrillo decisions have been stayed by operation of law due to the filing of Petitions for Rehearing En Banc, they are not relevant to this proceeding because, as a matter of law, neither is a controlling precedent or, indeed, a precedent of any kind. Thus, Plaintiffs respectfully request that Your Honor issue a decision that is based on the record in the instant matter and that is consistent with the substantial similarity standard which has previously been set forth by the Second Circuit and which has been adopted by a majority of the SDNY judges

who have examined the issue, as well as the Office of State Review at the administrative level. See Concerned Parents & Citizens for the Continuing Ed. at Malcolm X (PS 79) v. New York City Bd. of Ed., 629 F.2d 751, 753 (2d Cir. 1980); Carrilo, et al. v. N.Y.C. Dep't of Educ., 384 F. Supp. 3d 441 (S.D.N.Y. 2019); Melendez, et al. v. NYC. Dep't of Educ., 2019 U.S. Dist. LEXIS 179234, at **27-28 (S.D.N.Y., October 16, 2019); Soria v. NYC Dep't of Educ., 397 F. Supp. 3d 397, 403 (S.D.N.Y. 2019); Franco v. New York City Dep't of Educ., 416 F. Supp. 3d 302, 305 (S.D.N.Y. 2019); Angamarca v. New York City Dep't of Educ., 2019 U.S. Dist. LEXIS 115473, at **20-21 (S.D.N.Y., July 10, 2019); Abrams, et al. v. Carranza, et al., 2019 U.S. Dist. LEXIS 95403, at **11-12 (S.D.N.Y., June 6, 2019); Cruz v. New York City Dep't of Educ., 2019 U.S. Dist. LEXIS 4175, at *30 (S.D.N.Y., January 9, 2019).

As the Court may be aware, in the instant matter, this matter concerns L.S.'s educational placement at iBRAIN for the 2018-2019 school year. Thus, this student and her family have not received any funding for her pendency in almost two full school years, despite the fact that pendency is a federally statutory right guaranteed to all special education students. In light of the foregoing, Plaintiffs respectfully request that the Court resolve the Reconsideration Motion in Plaintiffs' favor, to enable L.S. to obtain the benefit of this entitlement.

Plaintiffs thank the Court for its time and consideration.

Respectfully Submitted,

/S

Karl J. Ashanti

cc:   Thomas Roberts, Esq. (via ECF)
      New York City Law Department
      General Litigation Division
      100 Church Street
      New York, NY  10007

The Court hereby stays Plaintiffs' motion for reconsideration, Dkt. 39, pending the Second Circuit's resolution of the petitions for a panel rehearing or rehearing en banc in the tandem cases of *Ventura de Paulino* and *Navarro Carrillo v. N.Y.C. Dep't of Educ.*, No. 19-1813 (2d Cir.).  The parties shall file a joint status letter within three days of the Second Circuit's resolution of the petitions.

SO ORDERED.

_____

Hon. Ronnie Abrams
6/1/2020